ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| SUCESIÓN DE ELIGIO PÉREZ DE JESÚS compuesta por ELIGIO DE JESÚS PÉREZ VARGAS, ISABEL ALTAGRACIA PÉREZ VARGAS, ROSA MAGALY PÉREZ VARGAS, ANA FELICIA PÉREZ VARGAS, KARINA PÉREZ T/C/C KARINA PÉREZ REYES Y ALEXIS PÉREZ T/C/C ALEXIS PÉREZ REYES<br><br>Apelados<br><br>v.<br><br>ROSA G. BÁEZ GONZÁLEZ<br><br>Apelante | KLAN202500071 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV08837<br><br>Sobre: Impugnación de Testamento Abierto, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Compareció la Sra. Rosa G. Báez González (en adelante, "señora Báez González" o "apelante"), mediante recurso de apelación presentado el 29 de enero de 2025. Nos solicitó la revocación de la *Sentencia Parcial* emitida el 9 de diciembre de 2024 —enmendada y notificada el 9 de enero de 2025— por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "foro primario"). En ese dictamen, el foro primario declaró ha lugar una solicitud de sentencia sumaria, lo cual tuvo el efecto de declarar nulo tanto el testamento abierto y el poder duradero.

---

[1] Mediante la Orden Administrativa DJ 2024-062C emitida el 6 de mayo de 2025, se enmendó la constitución de los paneles del Tribunal de Apelaciones.

Por los fundamentos que expondremos a continuación, se **confirma** la sentencia apelada.

**-I-**

El 12 de octubre de 2022, la Sucesión de Eligio Pérez De Jesús compuesta por Eligio De Jesús Pérez Vargas, Isabel Altagracia Pérez Vargas, Rosa Magaly Pérez Vargas, Ana Felicia Pérez Vargas, Karina Pérez t/c/c Karina Pérez Reyes y Alexis Pérez t/c/c Alexis Pérez Reyes (en conjunto, "Sucesión Pérez De Jesús" o "apelados"), instaron *Demanda Enmendada* contra la señora Báez González.[2] Alegaron que eran hijos biológicos del Sr. Eligio Pérez De Jesús —quien falleció el 8 de enero de 2020— e hijos de crianza de la Sra. Paula Mercedes Marzant Soto (en adelante, "señora Marzant Soto") —quien falleció el 22 de agosto de 2022—ambos cónyuges. Asimismo, argumentaron que, el 18 de julio de 2014, la señora Marzant Soto otorgó la Escritura Pública Núm. 52 sobre Testamento Abierto ante el Notario Ismael Febres Nieves en el cual instituyó como heredero universal a su cónyuge y, en el caso que este no quisiera o no pudiera, instituyó como herederos a los hijos biológicos de su cónyuge. No obstante, adujeron que la señora Marzant Soto en tiempo posterior otorgó las escrituras públicas siguientes: (1) Escritura Pública Núm. 56 sobre Poder Duradero del 29 de septiembre de 2021 a favor de la señora Báez González y (2) Escritura Pública Núm. 63 sobre Testamento Abierto del 8 de noviembre de 2021, en la cual instituyó como heredera universal a la señora Báez González. Argumentaron, además, que estas últimas escrituras públicas eran nulas e ineficaces por la falta de capacidad, discernimiento y voluntariedad de la señora Marzant Soto al momento de su otorgamiento. Por último, solicitaron la imposición de $100,000.00 en concepto de daños causados por la señora Báez González al apropiarse y disponer de bienes muebles

---

[2] Apéndice de los apelantes, anejo XIX, págs. 330-343.

como prendas, cadenas, sortijas, aros, dinero de la cuenta de ahorro, documentos personales y fotos familiares.

En consecuencia, el 21 de noviembre de 2022, la señora Báez González presentó *Contestaci[ó]n a Demanda Enmendada*.[3] Alegó que, aproximadamente en el mes de julio de 2020, la señora Marzant Soto la contrató para que le ofreciera los servicios siguientes: (i) tres comidas diarias y meriendas, (ii) lugar para pernotar, (iii) transportación a citas médicas, farmacia, banco y gestiones personales. Adujo que por asistir en tales servicios devengó $1,400 mensuales. Además, argumentó que la señora Marzant Soto —desde que estuvo bajo sus cuidados— manejaba sus cuentas y asuntos personales con independencia; y que nunca fue diagnosticada con problemas de salud mental o alguna disminución en sus facultades mentales. En cuanto a las escrituras públicas, adujo que nunca le pidió, exigió, sugirió, requirió o solicitó, directa o indirectamente, a la señora Marzant que las otorgara. Además, alegó que —conforme al juico del Notario Público Héctor M. Lugo Montalvo como de los testigos instrumentales— la señora Marzant Soto estaba en pleno goce y uso de sus facultades al momento en que otorgó las referidas escrituras públicas. Específicamente sobre el poder duradero, adujo que —en el mes de septiembre de 2020— la señora Marzant Soto le informó que daría un poder para que actuara a su nombre y en su representación. Señaló, a su vez, que en la Escritura Núm. 8 sobre Testamento Abierto del 8 de noviembre de 2021, la señora Marzant Soto la designó como su heredera universal de todos sus bienes y nunca le informó la razón para tal decisión.

Posteriormente, el 23 de septiembre de 2023, la Sucesión Pérez De Jesús instó *Moción Solicitando Sentencia Sumaria*.[4] En particular, solicitó que se decretara la nulidad de la Escritura Pública Núm. 63

---

[3] *Íd.,* anejo XVIII, págs. 321-329.
[4] *Íd.,* anejo XVII, págs. 203-320.

sobre Testamento Abierto otorgada el 8 de noviembre de 2021 ante el Notario Público Héctor M. Lugo Montalvo. Sostuvo que el referido testamento era nulo debido a la ineficacia de su institución testamentaria conforme a los Artículos 165, 168, 170, 1556, 1661, 1709 del Código Civil de Puerto Rico de 2020. Además, enfatizó que la firma de la señora Marzant Soto —en el referido testamento abierto— era cuestionablemente distinta y diferente a la firma que hizo constar en otros instrumentos públicos otorgados ante el notario Ismael Febres Nieves, a saber: (i) Escritura Núm. 44 sobre Poder Especial del 24 de junio de 2014; (ii) Escritura Núm. 52 sobre Testamento Abierto del 18 de julio de 2014 —en el cual instituyó como herederos a sus hijos de crianza—; y (iii) Escritura Núm. 12 sobre Revocación de Poder Especial del 26 de febrero de 2018.[5] Asimismo, adjuntó prueba documental para establecer unos hechos esenciales y pertinentes sobre los cuales, a su entender, no tenían controversia sustancial. Algunos de los documentos más relevantes que se acompañaron en su solicitud de sentencia sumaria fueron los siguientes: (1) certificado de defunción del Sr. Eligio Pérez De Jesús; (2) informe de hallazgo de la Oficina del Procurador de las Personas de Edad Avanzada realizado por Bryan J. Ortiz Rosado; (3) certificación médica de la Dra. Marta Rosario; (4) expediente médico del Dr. Francisco Javier Rosado García; (5) certificado de defunción de la señora Marzant Soto; y (6) informe pericial del Dr. Glenn Garayalde-Cotroneo.

Por su parte, el 16 de octubre de 2023, la señora Báez González presentó *Oposici[ó]n a Sentencia Sumaria y Solicitud de Paralizaci[ó]n*, mediante la cual sostuvo que el hecho en controversia era si la señora Marzant Soto tuvo capacidad y voluntariedad al momento de otorgar

---

[5] *Íd.,* anejos XVII, págs. 273-289. Los apelantes anejaron copia de los instrumentos públicos otorgados por la señora Marzant Soto ante el Notario Ismael Febres Nieves. También de los instrumentos públicos otorgados ante el Notario Héctor M. Lugo Montalvo.

la Escritura Pública Núm. 63 sobre Testamento Abierto del 8 de noviembre de 2021.[6] Indicó, además, que todos los hechos incontrovertidos alegados por la Sucesión Pérez De Jesús no eran hechos materiales para adjudicar el asunto en controversia. En síntesis, argumentó que, en el referido testamento, tanto el Notario Público —Héctor M. Lugo Montalvo— como los testigos instrumentales —Sra. Carmen del Pilar Padilla Burgos, Sra. Awilda Ruíz Milán y el Sr. Ángel Rubén Colón Jiménez— reconocieron que la señora Marzant Soto estaba en pleno goce y uso de sus facultades mentales, y acreditaron que el acto fue libre y voluntario. En cuanto a la opinión pericial del Dr. Glenn Garayalde-Cotroneo, alegó que era una opinión dentro del mundo de las posibilidades y que la misma fue desmentida por el notario y los testigos instrumentales en el propio testamento. Para sostener tales conclusiones, adjuntó la prueba documental siguiente: (i) declaración jurada de la señora Báez González, (ii) copia de la Escritura Pública Núm. 63 sobre Testamento Abierto del 8 de noviembre de 2021 otorgado ante el notario Héctor M. Lugo Montalvo, (iii) certificación del registro de testamento adscrito y (iv) expediente médico de la señora Marzant Soto del Hospital San Juan Centro Médico.

Posteriormente, el 15 de marzo de 2024, la Sucesión Pérez De Jesús presentó *Moci[ó]n Complementaria y Reiterando Solicitud de Sentencia Sumaria*.[7] En síntesis, alegó que la oposición presentada por la señora Báez no cumplió con el contenido y los requisitos que establecen las Reglas 36.5 y 36.6 de Procedimiento Civil. En específico, señaló que no se presentó prueba documental o declaraciones juradas para controvertir las alegaciones de la demanda, excepto una declaración jurada de la propia señora Báez González. Además, adujo que el foro primario debía evaluar la

---

[6] Apéndice de los apelantes, anejo XVI, págs. 165-202.
[7] *Íd.,* anejo X, págs. 77-154.

capacidad y voluntariedad para testar de la señora Marzant Soto mediante la prueba documental y pericial siguiente:

a) 13 de febrero de 2020 – Afirmación de la cuidadora Ana Rosa Rivera Collazo a los efectos de que Paula M. Marzant Soto, le había manifestado que "se le están olvidando las cosas" (Anejo 10)

b) Diagnóstico de ["]Dizzeness, Loss of Consciousness["] del Hospital San Francisco de 8 de marzo de 2020, Dr. Aníbal Feliciano Deliz. (Anejo 3)

c) Diagnóstico de 17 de noviembre de 2020 del Dr. Jorge Santana, sobre Paula M. Marzant Soto que establece que a esa fecha tiene demencia. (Anejo 5)

d) Diagnóstico de 18 de febrero de 2021 del Dr. Jorge Santana sobre Paula M. Marzant Soto que establece que a esa fecha tiene Alzheimer y/o Demencia. (Anejo 6)

e) Certificación de Dr. José Santana de 14 de marzo de 2024 que certifica que el 17 de noviembre de 2020[,] el 17 de febrero de 2020 y 17 de febrero de 2021 le diagnosticó Demencia y Pérdida de Memoria a Paula Mercedes Marzant Soto. (Anejo 7)

f) Certificado de Defunción de Paula Mercedes Marzant Soto donde surge la causa de muerte por Alzheimer. (Anejo 9)

g) Informe de la cuidadora Ana Rosa Rivera Collazo (Anejo 10)

h) Diagnóstico Enfermedad Terminal de la Dra. Marta Rosado. (Anejo 8)

i) Informe de Hallazgos de 21 de marzo de 2022 preparado por Bryan J. Ortiz Rosado, Coordinador en Funciones de los hallazgos de su investigación y entrevistas el 14 de marzo de 2022 realizada en el hogar de Rosa G. Báez González en la calle Julio C. Arteaga #652, Urb. Villa Prades, San Juan, Puerto Rico, del cual surge que la Sra. Rosa G. Báez González, le manifestó que Paula M. Marzant Soto tenía demencia. (Anejo 11)

j) El perito neurólogo Dr. Glenn Garayalde[-]Controneo, luego de analizar y evaluar los diagnósticos médicos y la prueba documental de actuaciones y conducta de la causante Paula M. Marzant Soto[,] el 8 de noviembre de 2021 concluyó que cuando otorgó la escritura de Testamento Abierto núm. 63 no tenía capacidad y no podía administrar sus finanzas ni capacidad para consentir [...] (Anejo 12)[8]

El 26 de marzo de 2024, la señora Báez González instó *R[é]plica a Moci[ó]n Complementaria*[9] en la cual alegó que se requería una vista evidenciaria para dirimir la controversia sobre la capacidad de la señora Marzant Soto y la voluntariedad al otorgar las escrituras

---

[8] *Íd.,* anejo X, págs. 86-87.
[9] *Íd.,* anejo IX, págs. 71-154.

públicas. En lo pertinente, anejó la *Transcripción de Toma de Deposición de la señora Awilda Ruíz Milán* [10] realizada el día 29 de junio de 2023. Alegó que la Sra. Awilda Ruíz Milán (en adelante, "señora Ruíz Milán") —quien fungió como testigo instrumental en la Escritura Pública Núm. 63 sobre Testamento Abierto del 8 de noviembre de 2021— testificó sobre la capacidad de la señora Marzant al momento del otorgamiento de la referida escritura pública. En específico, expresó que la señora Ruíz Milán había declarado lo siguiente:

> [...] Paula M. Marzant Soto, personalmente le pidió si podía servirle de testigo en el otorgamiento del testamento; después de aceptar, la citó para el día, hora, y lugar donde se encontraría para hacer el testamento, le manifestó que quería cambiar el testamento existente, testificó extensamente sobre el otorgamiento del testamento y el procedimiento para la lectura del mismo, manifestó que el Notario les preguntó a los testigos si ven, oyen y entiende a la testadora, si esta tenía la capacidad para hacer el testamento, que la testadora plenamente consciente de sus acciones, estaba orientada en tiempo lugar y persona y que nadie la forzó para hacer el testamento, firmando este de su puño y letra, que se reiteró en que quería cambiar el testamento a favor de Rosa G. González ya que la personas qué había beneficiado antes no se lo merecían. [Citas omitidas].[11]

Así las cosas, el 9 de diciembre de 2024, el foro primario emitió y notificó *Sentencia*[12] mediante la cual declaró ha lugar la solicitud de sentencia sumaria presentada por la Sucesión Pérez De Jesús. En otras palabras, la *Sentencia* tuvo el efecto de declarar nulo tanto el testamento abierto y el poder duradero que otorgó la señora Marzant Soto. Aunque el foro primario no estableció determinaciones de hecho, conforme a lo resuelto en *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019) acogió los hechos propuestos por la Sucesión Pérez De Jesús y consignó lo siguiente:

> En este caso, la causante Paula M. Marzant Soto había otorgado la escritura cincuenta y dos de testamento abierto el 18 de julio de 2014 ante el notario Ismael Febres Nieves, quien regularmente la asistía a ella y a su entonces esposo, con los asuntos legales de su familia. La Sra. Rosa G. B[á]ez se encargó el cuidado de la causante desde el 9 de marzo de

---

[10] *Íd.,* anejo VIII, págs. 26-70.
[11] *Íd.,* anejo IX, págs. 72-73.
[12] *Íd.,* anejo VI, págs. 20-24.

2020. La causante tuvo episodios que afectaron su memoria y capacidad mental en general. Hay diagnósticos de la condición emocional y mental de la causante, Paula M. Marzant Soto, desde la fecha 8 de marzo de 2020, 17 de noviembre de 2020 y 16 de febrero de 2021. Al examinar los récords médicos el Perito Dr. Glenn Garayalde[-]Controneo, Neurólogo certificado por el ¨American Board of Independent Medical Examiners¨, concluyó que por su condición de pérdida de memoria, Demencia y Alzheimer la causante Paula M. Marzant Soto, el 8 de noviembre de 2021 no tenía capacidad para firmar el Testamento Abierto que otorgó, estando bajo la custodia de Rosa G. B[á]ez. La parte demandada no pudo controvertir los hechos materiales en controversia. O sea, la parte demandada no pudo demostrar que Paula M. Marzant Soto tenía capacidad para otorgar la escritura 56 de Poder Duradero otorgada el 22 de septiembre de 2021, ni para otorgar la escritura de testamento abierto de 8 de noviembre de 2021. Si bien el notario da fe de la capacidad de la otorgante, la expresión es una genérica. No establecen los instrumentos que Doña Paula tiene una condición degenerativa que afecta su capacidad, pero que al momento de otorgarse se percibió alerta y ubicada en tiempo y espacio. Al momento en que fueron otorgadas dichas escritura Doña Rosa tenía todo el control sobre la persona de Doña Pau[l]a, aunque luego por virtud de una determinación del Departamento de la Familia Doña Paula fue removida y colocada en un Hogar para Envejecientes. Doña Paula murió el 22 de agosto de 2022, con 99 años y un diagnóstico de Alzheimer.

No obstante, el 9 de enero de 2025, el foro primario enmendó y notificó *Sentencia Parcial*[13] a los efectos de aclarar que restaba atender la causa de acción sobre daños y perjuicios presentada por la Sucesión Pérez De Jesús.

Inconforme, el 29 de enero de 2025, la señora Báez González acudió ante este Tribunal mediante el recurso de epígrafe y señaló el error siguiente:

Erró el Tribunal de Primera Instancia al dictar sentencia sumariamente a pesar de que existe una controversia sustancial sobre los hechos esenciales y pertinentes del caso, a saber, si la testadora estaba o no capacitada al momento de otorgar el testamento.

Al día siguiente, el 30 de enero de 2025, la apelante instó *Moción sobre Sentencia Final* en la cual nos informó que el foro primario emitió el 23 de enero de 2025 una *Sentencia Final* —notificada el 29 de enero de 2025— autorizando el desistimiento voluntario con perjuicio de la causa de acción sobre daños y perjuicios, presentado por la Sucesión Pérez De Jesús.

---

[13] *Íd.*, anejo III, págs. 5-9.

Por su parte, el 28 de febrero de 2025, los apelados presentaron su alegato en oposición al recurso de apelación.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Sentencia Sumaria**

Las Regla 36 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 36, instituye el mecanismo de sentencia sumaria a nuestro ordenamiento jurídico. En particular, su función es permitir que cualquiera de las partes pueda mostrar, previo al juicio, que no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. 32 LPRA Ap. V, R. 36.1-36.2; *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 784-785 (2016).

En ese sentido, la parte promovente de la solicitud debe demostrar la inexistencia de una controversia de hecho material por medio de una moción fundamentada, mientras que la parte promovida debe mostrar que existe controversia de algún hecho material sobre la totalidad o parte de la causa de acción. *Rodríguez Méndez v. Laser Eye,* supra, pág. 785. Además, la parte promovida no puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar evidencia que demuestre la existencia de controversia sustancial de hechos. *Íd.* Sin embargo, ninguna de las partes puede enmendar sus alegaciones a través de la presentación de una sentencia sumaria o su oposición. *León Torres v. Rivera Lebrón*, 204 DPR 20, 47 (2020).

Así pues, para que el tribunal pueda adjudicar en los méritos una controversia de forma sumaria, es necesario que de las

alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia ofrecida, surja que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. 32 LPRA Ap. V, R. 36.3(e).

En cuanto a los hechos esenciales y pertinentes, también conocidos como hechos materiales, son aquellos que pueden afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023). Por lo tanto, el tribunal solo podrá dictar sentencia sumaria en los casos en los cuales tenga ante su consideración todos los hechos materiales para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. *Íd.*

Conviene destacar que el Tribunal Supremo ha dispuesto que, el foro apelativo se encuentra en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia de una solicitud de sentencia sumaria. *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020). *Meléndez González et al. v M. Cuebas*, 193 DPR 100, 115 (2015). Además, el Alto Foro estableció el estándar específico de revisión que debe utilizar el Tribunal de Apelaciones, a saber: (1) examinar de *novo* el expediente, de la manera más favorable a favor de la parte promovida, y aplicar las disposiciones de la Regla 36 de Procedimiento Civil, *supra* como su jurisprudencia interpretativa; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificada en la Regla 36.4 de Procedimiento Civil, *supra;* (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, exponer concretamente los hechos materiales controvertidos e incontrovertidos; y (4) de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el

foro primario aplicó correctamente el derecho a la controversia. *Meléndez González et al. v M. Cuebas,* supra, págs. 117-119. Además, el foro apelativo en su revisión está limitado a lo siguiente:

> *[P]rimero*, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación *exhibit*[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Segundo*, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Íd.,* pág. 114-115.

## B. Capacidad para testar

Conforme a nuestro ordenamiento jurídico, el testamento es un negocio jurídico solemne, personalísimo, unilateral y revocable por el cual una persona natural dispone —total o parcialmente— el destino de sus bienes para después de su muerte. 31 LPRA sec. 11251. Ahora bien, existen dos (2) clases de testamentos: (i) los comunes y (ii) los especiales. 31 LPRA sec. 11261. Entre los testamentos comunes, se encuentra el testamento abierto el cual se otorga ante notario. *Íd.,* 31 LPRA sec. 11271.

El Código Civil de Puerto Rico de 2020 no requiere la intervención de testigos instrumentales en los testamentos abiertos, excepto que el testador o el notario autorizante lo solicite. 31 LPRA sec. 11271. Además, les otorga discreción para que concurran el número de testigos que soliciten. *Íd.* Tanto el notario autorizante como los testigos instrumentales —si alguno— deberán pasar juicio sobre la capacidad que tiene el testador en el momento de otorgar el testamento. 31 LPRA sec. 11275. Ello, a pesar de que en Puerto Rico se presume la capacidad de la persona mayor de edad de obrar por sí misma. 31 LPRA sec. 5601. Sobre lo cual, el Tribunal Supremo ha expresado que "[p]revalece generalmente la presunción de sanidad mental, y tal presuncion es aplicable a la capacidad de un testador." *Jiménez v. Jiménez,* 76 DPR 718, 733 (1954).

Particularmente, en materia de derecho testamentario, una persona natural tiene capacidad para otorgar un testamento abierto si al momento de otorgar el testamento: (i) tiene 14 años edad o más y (ii) posee suficiente discernimiento para entender la finalidad, el contenido y la transcendencia del testamento. 31 LPRA sec. 11253. Según nuestro Alto Foro, aunque en nuestro ordenamiento se presume la capacidad, esta es una presuncion que puede ser rebatida, a saber:

> que a toda persona ha de reputársela en perfecta lucidez mental y con el pleno goce de sus derechos civiles, mientras no fuere judicialmente declarada incapaz, o se compruebe por un modo evidente la perturbación de sus facultades...' y '...que la integridad mental en orden del derecho de testar es una presunción *juris tantum*, que sólo puede destruirse por una prueba evidente y completa en contrario.

*Ortiz v. Bermúdez*, 70 DPR 707, 713 (1949) (énfasis en el original).

Ahora bien, si la persona natural que interesa otorgar un testamento fue declarada judicialmente incapaz por falta de discernimiento, se requiere la intervención de un psicólogo o psiquiatra como testigo instrumental. 31 LPRA sec. 11276. Así pues, al momento del otorgamiento:

> [...] Este profesional examinará al testador y declarará en la escritura que, a su juicio, el testador se encuentra en un intervalo lúcido y tiene suficiente capacidad de discernimiento, de todo lo cual el notario dará fe.

31 LPRA sec. 11276.

De otra parte, nuestro Tribunal Supremo estableció que al momento revisar de la capacidad de una persona natural en el otorgamiento de un testamento, el juzgador debe considerar las doctrinas siguientes:

a) Que la capacidad mental del testador se presume mientras no se destruya por una prueba concluyente en contrario.

b) Que la apreciación de esa capacidad ha de ser hecha con referencia al momento mismo del otorgamiento del acto testamentario.

c) Que aunque la afirmación hecha por el Notario de la capacidad del testador puede ser destruída por ulteriores pruebas demostrativas de que en el acto del testamento no se halla el otorgante en su cabal juicio, requiérese que

> dichas pruebas sean muy cumplidas y convincentes, ya que la aseveración notarial de que se trata reviste especial relevancia de certidumbre.
>
> d) Que por ser cuestión de hecho la relativa a la sanidad de juicio del testador, su apreciación corresponde a las Salas de instancia.

*Jiménez v. Jiménez,* supra, pág. 732.

En cuanto a la revisión de una determinación de capacidad, el Alto Foro enfatizó que "nuestra facultad de revisión se mide y se define por una presunción favorable a la corrección de las conclusiones de hecho formuladas por el tribunal sentenciador." *Jiménez v. Jiménez,* supra, pág. 731. Así pues, la determinación sobre la existencia o no de capacidad basado en la apreciación y consideración de opiniones periciales, podrán dejarse sin efecto si se demuestra que el foro primario incurrió en un error obvio y excepcional. *Jiménez v. Jiménez,* supra, pág. 730. A saber:

> Debe demostrarse que se ha incurrido claramente en error al juzgar las opiniones de expertos o peritos. [...] La conclusión sería claramente errónea si fuese contraria al peso de la prueba y solamente debería ser dejada sin efecto si no está sostenida por evidencia sustancial.

*Jiménez v. Jiménez,* supra, pág. 730 (citas omitidas).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En síntesis, la apelante alegó que el foro primario incidió al declarar ha lugar la *Moción Solicitando Sentencia Sumaria* cuando estaba en controversia la capacidad de la testadora, señora Marzant Soto, al momento de otorgar la Escritura Pública Núm. 63 sobre Testamento Abierto del 8 de noviembre de 2021 ante el Notario Público Héctor M. Lugo Montalvo. En específico, adujo que el notario y los testigos instrumentales consignaron en el referido testamento que la señora Marzant Soto estaba en el pleno goce y uso de sus facultades al momento de su otorgamiento. Reiteró, además, que el

informe pericial del Dr. Glenn Garayalde-Cotroneo solo ofrece una opinión no absoluta que reside en el mundo de las probabilidades. A su entender, existía una controversia sustancial sobre los hechos materiales del caso de epígrafe que impide su disposición sumaria y, por tanto, lo que procedía era una vista evidenciaria.

Por su parte, los apelados alegaron que la señora Báez González no presentó evidencia contundente que controvirtiera el informe pericial del Dr. Glenn Garayalde-Cotroneo, sino que se limitó a descansar en lo siguiente: (i) su propia declaración jurada y (ii) la dación de fe sobre la capacidad de la señora Marzant Soto consignada por el Notario Héctor M. Lugo Montalvo y los testigos instrumentales en la Escritura Pública Núm. 63 sobre Testamento Abierto del 8 de noviembre de 2021. Enfatizaron, además, que no presentó prueba pericial ni declaraciones juradas del notario autorizante o los testigos instrumentales. Indicaron que, de manera tardía, la señora Báez González presentó la transcripción de una deposición tomada a una de las testigos instrumentales, la señora Ruíz Milán. Añadieron que, esta última declaró que —en su opinión— la señora Marzant Soto estaba capacitada durante el otorgamiento del referido testamento ya que hablaba muy claro.

Sin embargo, previo a atender los señalamientos antes detallados, tal cual nos es exigido, debemos examinar si la *Moción Solicitando Sentencia Sumaria* interpuesta por la Sucesión Pérez De Jesús cumplió con los requisitos de forma que exige la Regla 36.3 de Procedimiento Civil, *supra.* Además, debemos evaluar si existe una controversia de hechos que impida la resolución sumaria del asunto resuelto por el foro primario. De ser así, procederemos a señalar que hechos encontramos están en controversia. De responder en la negativa, corresponde revisar *de novo* si el foro primario aplico adecuadamente la norma jurídica pertinente a la controversia. Veamos.

Realizado tal examen, concluimos que, en efecto, la Sucesión Pérez De Jesús dio cumplimiento a los requisitos de forma establecidos por nuestras reglas. Alcanzamos tal conclusión al observar que, en su solicitud de sentencia sumaria, los apelados incluyeron una relación enumerada de todos los hechos esenciales y pertinentes sobre los que alegaron no existía controversia sustancial. Además, establecieron la relación de tales hechos con aquella evidencia que sometió en su apoyo. En cambio, la apelante presentó su oposición a la solicitud de sentencia sumaria en la cual mostró su posición sobre cada hecho propuesto por la Sucesión Pérez De Jesús como exigen nuestras reglas. No obstante, no los enumeró ni adjuntó evidencia documental suficiente que derrotara la prueba presentada por los apelados.

Tras cumplir con nuestra función revisora y examinado la solicitud de sentencia sumaria, así como su oposición a dicha moción, advertimos que en el presente litigio no existen controversias de hechos que impidan la resolución sumaria de la controversia. Tampoco encontramos que el foro primario haya errado en la aplicación de la norma jurídica pertinente, de manera tal, que nos sea forzoso revocarle. Consideramos que los fundamentos por lo que alcanzamos esta conclusión están muy bien enunciados en el expediente de epígrafe. Repasemos.

Surge del expediente que, el Sr. Eligio Pérez De Jesús y la señora Marzant Soto contrajeron matrimonio el 8 de julio de 1968. Véase, apéndice de la apelante, anejo XVII, pág. 228. Asimismo, se desprende que, el 18 de julio de 2014, la señora Marzant Soto otorgó Escritura Núm. 52 sobre Testamento Abierto ante el Notario Ismael Febres Nieves. Véase, apéndice de la apelante, anejo XVII, pág. 279-282. Mediante la referida escritura, la señora Marzant Soto instituyó como heredero universal a su cónyuge —el Sr. Eligio Pérez De Jesús— y, salvo este último no quisiera o no pudiera heredar,

instituyó como herederos a los hijos y nietos de su cónyuge, a saber: Eligio De Jesús Pérez Vargas, Isabel Altagracia Pérez Vargas, Rosa Magaly Pérez Vargas, Ana Felicia Pérez Vargas, Karina Pérez Reyes y Alex Pérez Reyes. *Íd.* No obstante, el 8 de enero de 2020, la señora Marzant Soto quedó viuda tras el fallecimiento del Sr. Eligio Pérez De Jesús. Véase, apéndice de la apelante, anejo XVII, pág. 240.

Ahora bien, en cuanto a la capacidad para testar de la señora Marzant Soto, nos parece importante resaltar del expediente ante nuestra consideración lo siguiente.

Según el récord médico del Hospital San Francisco en San Juan, Puerto Rico, **el 8 de marzo de 2020**, el Dr. Aníbal Feliciano Deliz diagnosticó a la señora Marzant Soto con "dizzeness, loss of consciousness". Véase, apéndice de la apelante, anejo X, pág. 95. A su vez, el Dr. José Santana certificó —en el expediente médico de su oficina— que la señora Marzant tenía un diagnóstico de demencia, para la fecha del **17 de noviembre de 2020**, y pérdida de memoria e incontinencia urinaria, para la fecha del **16 de febrero de 2021**. Véase, apéndice de la apelante, anejo X, pág. 99. Además, consta en el expediente que, la Oficina del Procurador de las Personas de Edad Avanzada inició una investigación sobre el cuidado que recibía la señora Marzant Soto por parte de su cuidadora —la señora Báez González— y, realizó un *Informe de Hallazgo* con fecha del **21 de marzo de 2022**. Véase, apéndice de la apelante, anejo XVII, págs. 293-300. En el referido informe, se desprende que, la apelante indicó que sospechaba que la señora Marzant Soto tenía demencia. *Íd.*, pág. 295. Además, el **25 de marzo de 2022**, la Dra. Marta Rosario realizó una certificación médica en la cual diagnosticó a la señora Marzant Soto de alzheimer y otras enfermedades terminales. Véase, apéndice de la apelante, anejo XVII, pág. 305. Asimismo, **el 25 de abril de 2022**, el Dr. Francisco Javier Rosado García hizo constar en el expediente médico que la señora Marzant Soto tenía

incontinencia urinaria, pérdida de memoria, alzheimer y otras enfermedades. Véase, apéndice de la apelante, anejo XVII, págs. 306-311. Por otra parte, el certificado de defunción de la señora Marzant Soto establece que falleció el 22 de agosto de 2022 y que la causa inmediata de su muerte fue la enfermedad de alzheimer en su etapa terminal. Véase, apéndice de la apelante, anejo XVII, pág. 320. Por último, el Dr. Glenn Garayalde-Cotroneo evaluó todo el expediente médico de la señora Marzant Soto y rindió un informe pericial titulado *Independent Medical Evaluation.* Véase, apéndice de la apelante, anejo XVII, pág. 312-314.  Allí concluyó claramente que la señora Marzant Soto estaba incapacitada para testar y manejar sus finanzas al momento de firmar y otorgar la Escritura Pública Núm. 63 sobre Testamento Abierto ante el Notario Héctor M. Lugo Montalvo. Específicamente consignó en su informe lo siguiente:

> Based on the sequence of events mentioned above, it can be reasonably stated that there was evidence to suspect that Ms. Paula Marzant Soto had an ongoing progressive dementing process dating back to January 2020 and by 11/8/2021, when she signed her second last will and testament, most likely was incapable of handling her financial affairs or to consent to a change in her last will and testament.

Véase, apéndice de la apelante, anejo XVII, pág. 314.

En otras palabras, tras analizar toda la evidencia médica, el Dr. Glenn Garayalde-Cotroneo entendió que era muy probable que la señora Marzant Soto no tuviera capacidad para testar. Estamos de acuerdo con ello.

Recordemos que, la señora Marzant Soto otorgó el 8 de noviembre de 2021 la Escritura Núm. 63 sobre Testamento Abierto ante el Notario Héctor M. Lugo Montalvo en la cual instituyó como heredera universal a su cuidadora, la señora Báez González. En esa ocasión, el referido notario y tres testigos instrumentales hicieron constar que, a su juicio, la señora Marzant Soto estaba en el libre goce y uso de sus facultades al momento del otorgamiento. Tales aseveraciones contenidas en el testamento, indiscutiblemente, dan

lugar a la presunción de capacidad mental de la señora Marzant Soto, cuya presunción tenía que ser rebatida con pruebas muy cumplidas y convincentes. *Jiménez v. Jiménez*, supra, pág. 732.

A esos efectos, los apelados presentaron prueba documental —médica y pericial— para controvertir la presunción de capacidad de la señora Marzant Soto. Nótese, pues, que alrededor de cuatro (4) facultativos médicos diagnosticaron a la señora Marzant Soto con la enfermedad de alzheimer, demencia, pérdida de memoria e incontinencia urinaria desde el 17 de noviembre de 2020 hasta el 25 de abril de 2022. Incluso, se desprende del expediente que la muerte de la señora Marzant Soto fue a causa del alzheimer. Además, como si fuera poco, los apelados presentaron un informe pericial en el que el Dr. Glenn Garayalde-Cotroneo concluyó que había suficiente evidencia para creer que la señora Marzant Soto estaba incapaz al momento de testar.

No obstante, la apelante pretendió controvertir la referida evidencia documental —tanto médica como pericial— presentada por la Sucesión Pérez De Jesús mediante: (i) su propio testimonio consignado en una declaración jurada, y (ii) la declaración de la señora Ruíz Milán tomada en una deposición, en la cual sostuvo que la señora Marzant Soto estaba capacitada para testar debido a que se movía y hablaba muy claro y normal. Véase, apéndice de la apelante, anejo IX, págs. 64, 65, 68.

Así que, ante la ausencia de prueba pericial u otra evidencia médica que derrote el diagnóstico de alzheimer, demencia, pérdida de memoria e incontinencia urinaria en la señora Marzant Soto comprendido desde el 17 de noviembre de 2020 hasta el 25 de abril de 2022, concluimos que no hay controversia de hechos que impidiera al foro primario disponer de manera sumaria el caso de epígrafe. Nos parece meridianamente claro que el cuadro médico de la señora Marzant Soto impidió que tuviera suficiente

discernimiento el 8 de noviembre de 2021 para entender la finalidad, el contenido y la transcendía de otorgar la Escritura Pública Núm. 63 sobre Testamento Abierto ante el Notario Héctor M. Lugo Montalvo.

Concluimos, pues, que el foro primario no incidió al declarar ha lugar la *Moción Solicitando Sentencia Sumaria,* toda vez que no estaba en controversia la falta de capacidad para testar de la señora Marzant Soto.

**-IV-**

Por los fundamentos previamente expuestos, se **confirma** la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
